IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 10-67-GMS |
| ) | |
| MARQUIS A. LOPEZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

On March 14, 2014, a jury convicted the defendant, Marquis A. Lopez ("Lopez"), of charges of Possession with Intent to Distribute 100 Grams or More of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A); and, Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and (924)(a)(2). (D.I. 150.) Lopez has moved for a new trial, arguing that evidence of his 2001 conviction in the Superior Court of the State of Delaware for Possession with Intent to Deliver Heroin was improperly admitted at trial pursuant to Federal Rule of Evidence 404(b). (D.I. 156.) Presently before the court is Lopez's Motion for a New Trial. (D.I. 156.)

Pursuant to Federal Rule of Criminal Procedure 33(a), and after having considered the entire record in this case and the applicable law, the court concludes that, in the interest of justice, a new trial is warranted. These findings of fact and conclusions of law are set forth in further detail below.

## II. BACKGROUND

Prior to trial, multiple motions to suppress evidence were filed on behalf of Lopez and multiple *motions in limine* were filed by the government. (*See* D.I. 28; 40; 41; 81; 82; and 90.) These motions sought either to exclude or admit evidence at trial of data and information obtained through the monitoring of Global Positioning System, ("GPS"), devices that were installed by Wilmington Police Detectives on vehicles owned or operated by Lopez. The government's *motions in limine* also sought to admit evidence of Lopez's prior criminal convictions pursuant to Federal Rules of Evidence 404(b) and 609. (*See* D.I. 41; 81; 82.) Specifically, the government's January 20, 2012 *motion in limine* sought to admit evidence of Lopez's 2001 Possession with Intent to Deliver Heroin conviction in the Delaware Superior Court pursuant to Rule 404b) for the alleged non-propensity purpose of proof of his knowledge and intent with respect to the heroin and firearm found in a secret compartment in the vehicle Lopez was driving on the date of his arrest.[1] (D.I. 82 at 12-14.)

Due to the changing legal landscape related to GPS technology and the Fourth Amendment; the evidentiary issues related to Lopez's suppression motions were twice decided by the court.[2] (D.I. 99; 120.) In both instances, the court denied Lopez's suppression motions and granted the government's *motion in limine* to admit 404(b) evidence. (D.I. 120.) Specifically, evidence obtained from the GPS devices and evidence of Lopez's 2001 Delaware Superior Court conviction for Possession with Intent to Deliver Heroin as proof of knowledge and intent. (*Id.*) The court

---

[1] The government had previously sought to introduce evidence of Lopez's 1999 Forgery Second Degree conviction in the Delaware Superior Court as impeachment evidence pursuant to Federal Rule of Evidence 609(a)(2). However, this conviction was not included in the government's January 20, 2012 motion and is not relevant for purposes of this Memorandum.

[2] Lopez also filed a Third Motion to Suppress Evidence (D.I. 140) which was construed as a Motion for Reconsideration by the court and summarily denied on March 7, 2014. (D.I. 144.)

2

provided comprehensive and detailed analysis of the Fourth Amendment implications of the warrantless installation of the GPS devices. Regretfully, the court did not provide sufficient explication as to the admissibility of Lopez's 2001 conviction and its potential prejudicial effect.[3]

## III. STANDARD OF REVIEW

Upon a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Motions for new trial in the interests of justice are committed to the sound discretion of the district court. *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003).

## IV. DISCUSSION

Federal Rule of Evidence 404(b) provides in relevant part that, "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident . . . ." Evidence must also be evaluated against the unfair prejudice standard of Federal Rule of Evidence 403. *United States v. Givan*, 320 F.3d 452, 461 (3d Cir. 2003). Rule 403 provides that relevant evidence may be excluded if, *inter alia*, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." The prejudicial effect of introducing evidence may be minimized by a limiting instruction. *See id.* at 461-62.

The Third Circuit has made clear that evidence of a defendant's prior convictions may be properly admitted into evidence. *See United States v. Davis*, 726 F.3d 434, at 443-43 (3d Cir.

---

[3] Lopez points to two later dates to support his argument that the court did not sufficiently address the 404(b) issue. Upon review of the transcript, the court agrees that no further explanation for the court's decision was provided to the parties during the March 4, 2014, or March 7, 2014 conferences.

3

2013) (quoting *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992)). In order to properly introduce evidence of a defendant's prior conviction, the government is first required to explain how "evidence of prior acts fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Davis*, 726 F.3d at 442 (citation omitted). Then, "the district court, if it admits the evidence, must in the first instance, rather than the appellate court in retrospect, articulate reasons why the evidence also goes to show something other than character." *Id.* (citing *Sampson*, 980 F.2d at 888). The reasoning should be detailed and on the record. *Davis*, 726 F.3d at 442.

Lopez relies on *Givan* and *Davis* for the proposition that the evidence was improperly admitted without the government first establishing specifically articulated facts related to the relevancy of the 2001 conviction. The court finds it unnecessary at this time to assess the first prong of the two-part test outlined in *Davis* and the government's position regarding admissibility. Assuming the government provided sufficient evidence of an inferential chain, the court was required to then articulate the reasons for admitting the conviction into evidence. Here, the court did not provide any supportive reasoning on the record for its decision. Rather, the court's Orders addressed the GPS tracking evidentiary issues without also addressing the admissibility of Lopez's criminal conviction or the 403 balancing test. In light of the lack of a record to support the court's Orders granting the government's motions it is necessary in the interest of justice that Lopez be granted a new trial.

4

## V. CONCLUSION

For the reasons stated above, the court concludes that a new trial is warranted.

Dated: October 10, 2014

_____
UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 10-67-GMS |
| MARQUIS A. LOPEZ, ) | |
| Defendant. ) | |

### ORDER

At Wilmington, this 10th day of October, 2014, consistent with the Memorandum issued this same date, IT IS HEREBY ORDERED THAT:

1. Defendant Marquis Lopez's Motion for a New Trial (D.I. 156) is GRANTED.

/s/ _____
UNITED STATES DISTRICT JUDGE