IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARQUIS A. LOPEZ, )<br>)<br>Defendant. )<br>) | Criminal Action No. 10-67 (GMS) |

# MEMORANDUM

## I. INTRODUCTION

On March 14, 2014, a jury convicted the defendant, Marquis A. Lopez ("Lopez"), of charges of Possession with Intent to Distribute 100 Grams or More of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A); and, Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and (924)(a)(2). (D.I. 150.) Lopez moved for a new trial, arguing that evidence of his 2001 conviction in the Superior Court of the State of Delaware for Possession with Intent to Deliver Heroin was improperly admitted at trial pursuant to Federal Rule of Evidence 404(b). (D.I. 156.) On October 10, 2014, the court granted the defendant's motion. (D.I. 179.) Presently before the court is the government's Motion to Reconsider the court's order granting a new trial. (D.I. 180.)

Pursuant to Local Rule 7.1.5, and after having considered the entire record in this case and the applicable law, the court concludes that the previous ruling was appropriate and does not need

to be reconsidered.

## II.    BACKGROUND

Prior to trial, multiple motions to suppress evidence were filed on behalf of Lopez and multiple *motions in limine* were filed by the government. (*See* D.I. 28; 40; 41; 81; 82; and 90.) These motions sought either to exclude or admit evidence at trial of data and information obtained through the monitoring of Global Positioning System, ("GPS"), devices that were installed by Wilmington Police Detectives on vehicles owned or operated by Lopez. The government's *motions in limine* also sought to admit evidence of Lopez's prior criminal conviction pursuant to Federal Rules of Evidence 404(b) and 609. (*See* D.I. 41; 81; 82.) Specifically, the government's January 20, 2012 *motion in limine* sought to admit evidence of Lopez's 2001 Possession with Intent to Deliver Heroin conviction in the Delaware Superior Court pursuant to Rule 404b) for the alleged non-propensity purpose of proof of his knowledge and intent with respect to the heroin and firearm found in a secret compartment in the vehicle Lopez was driving on the date of his arrest. (D.I. 82 at 12-14.)

Due to the changing legal landscape related to GPS technology and the Fourth Amendment, the evidentiary issues related to Lopez's suppression motions were twice decided by the court. (D.I. 99; 120.) In both instances, the court denied Lopez's suppression motions and granted the government's *motion in limine* to admit 404(b) evidence. (D.I. 120.) Specifically, evidence obtained from the GPS devices and evidence of Lopez's 2001 Delaware Superior Court conviction for Possession with Intent to Deliver Heroin as proof of knowledge and intent. (*Id.*) The court provided comprehensive and detailed analysis of the Fourth Amendment implications of the

2

warrantless installation of the GPS devices.

As discussed in the court's prior ruling, the court did not provide sufficient explication when granting the government's *motion in limine* as to Lopez's prior conviction.

## III. STANDARD OF REVIEW

Numerous decisions from this district make clear that motions for reconsideration or reargument are to be granted "sparingly" under the Local Rules, *see, e.g., Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *see also* D. Del. LR 7.1.5, and are appropriate only where "the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension."[1] *Flash Seats, LLC v. Paciolan, Inc.*, No. 07-575-LPS, 2011 WL 4501320, at *2 (D. Del. Sept. 28, 2011) (citing *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998)). "A guiding principle in applying the limitations on reargument under Local Rule 7.1.5 is that a motion for reargument can never be allowed to encourage 'a never ending polemic between litigants and the Court.'" *Shering Corp.*, 25 F. Supp. 2d at 295 (quoting *Pirelli Cable Corp. v. Ciena*, 988 F. Supp. 424, 446 (D. Del. 1997). A motion for reargument may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However,

---

[1] The government does not cite the local rule in support of its Motion but the court nonetheless construes it as being brought under this provision despite the fact that the local rules relate to civil practice and procedure. *See United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases.") (citations omitted).

3

in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

## IV. DISCUSSION

The government asserts that the court made an error of apprehension in granting the defendant's Motion for a new trial. (D.I. 180 at 2.) In support of its argument the government suggests that, "where the government explains why Rule 404(b) evidence is offered for an acceptable, non-propensity purpose, and the evidence in question is otherwise admissible pursuant to Rule 403, a district court's failure to set forth its analysis does not require a new trial." The government submits that even if the court committed a procedural error it does not warrant a new trial. The court disagrees with the government's assessment of the rule governing this issue.[2]

In deciding the defendant's Motion for a new trial, the court undertook a painstakingly comprehensive review of this case's docket, previous Orders, and transcripts to find any articulation of the court's reasoning for admitting evidence of Lopez's prior conviction. The court found nothing to support its decision. Notably, the government is likewise unable to point to any reasoning given by the court beyond the one line of text summarily granting the government's *motion in limine* in its entirety.[3] (D.I. 99 at 82.)

Additionally, Lopez points to a number of statements made by the court at trial which

---

[2] Although the court finds reconsideration of the Order is unwarranted it takes this opportunity to expand on the reasoning for its decision.

[3] The court recognizes that the government and defense counsel both made attempts to bring this issue to the court's attention in conferences prior to trial. These efforts were unsuccessful. During the pretrial conference, the government and defense counsel engaged in a lengthy discussion related to the possibility of bifurcating the trial and the effect the court's prior ruling had on that decision. The government began the conversation by specifically re-outlining its argument as to the admissibility of the evidence under 404(b) and a 403 balancing test. When the court eventually entered the conversation it was simply to question whether or not a decision by the court was required. The government points to this conference as evidence of the court's underlying reasoning and adoption of the government's articulation of the reasoning for the admissibility of the convictions. But again, there was no indication by the court that it had previously ruled as a result of considering and adopting the government's arguments.

4

evidence the court's lack of a clear understanding related to the admission of Lopez's prior conviction. (D.I. 175 at 11.) At sidebar the court stated, "I am quite confident that my ruling was well considered, my Rule 404(b) ruling was well considered, as were all my rulings in this case." (*Id.*) The court went on to say, "but I think there are legitimate reasons for the conviction to come in as articulated in the previous ruling." (*Id.*) While the legitimacy of the court's ruling is not materially disputed by the parties nor the court at this time, the court finds unavoidable the fact that there is nothing to evidence those "legitimate reasons" or to show that the ruling was in fact "well considered."

The government cites to a number of cases for the proposition that a district court need not do anything beyond adopting a provided rationale offered by the government. The court agrees with the government's characterization, in part, and finds that a brief review of the case law proves instructive.

In *United States v. Sampson*, 980 F.2d 883, 885 (3d Cir. 1992), the district court found evidence of the defendant's past convictions admissible upon review of the government's arguments, concluding, "I am inclined to think that this is the kind of incident which does fall within the purview of the exceptions listed in 404(b). So I am going to permit it with respect to the two drug convictions, . . ." As the government notes, the Third Circuit reversed the district court since it was not "apparent from the record" why the defendant's prior convictions were relevant for a non-propensity purpose. *Id.* at 888; D.I. 180 at 3. It is the government's contention that *Sampson* does not warrant a new trial here because the government made it clear why Lopez's prior convictions were relevant for a non-propensity purpose. (D.I. 180 at 3.) However, in

5

*Sampson* the Third Circuit simply suggested that a new trial may be unnecessary if the reviewing court could "infer that the district court adopted the government's proffered reason." *Sampson*, 980 F.2d at 888. The court does not seek to split hairs in reaching this outcome and recognizes that the Third Circuit does not require lengthy narration in support of an evidentiary determination. With that said, the court regards the Third Circuit's opinion in *Sampson* as suggesting that the district court's earlier acceptance on the record of the government's proffered reasoning would have been sufficient had the "government thoroughly explained its basis for admission." *Id.* The instant case provides the reverse. The court does not call into question whether the government provided sufficient reasoning. Rather, the lack of an articulated acceptance of the government's reasoning by the court stands as the reversible error.

In *United States v. Lee*, 612 F.3d 170 (3d Cir. 2010), the Third Circuit ruled that the district court provided sufficient reasoning for its Rule 404(b) decision despite finding the evidence admissible on grounds not discussed by the district court. The district court ruled that the statements at issue were "admissible to prove intent, knowledge and/or the absence of mistake." *Lee*, 612 F.3d at 200. The Third Circuit found that the statements were admissible on the basis of motive and not on the grounds cited by the district court. While the majority opinion relies on a legal argument not expressly adopted by the district court, it is nevertheless the case that the appellate court was provided a record of the court's decision making and rationale in the first instance.

In *United States v. Saada*, 212 F.3d 210, 223 (3d Cir. 2000), the district court admitted evidence of the defendant's involvement in a fraudulent insurance scheme. The government

6

explained that the evidence of the defendant's involvement in another fraud was admissible for a number of reasons. *Id.* at 223-24. Following the government's explanation, "the District Court indicated that it was admitting the evidence on the bases recited by the government." *Id.* at 224. The Court concluded that the district court "properly admitted this evidence under Rule 404(b) and, by referencing the government's position, reflected an adequate basis for its decision." *Id.*

The court interprets the case law discussed above as standing for the proposition that the reviewing court must be provided with some amount of reasoning by the district court. While a district court may of course agree with and adopt the government's arguments it is clear that it must provide a modicum of reasoning for doing so. Here, the court granted the government's *motion in limine* and, presumably, did so based on the arguments offered by the government but that was not made clear in the first instance or during subsequent conferences. The government's position is understandable. It is clear to the court that every effort was made by the government to provide the court with the opportunity for a reasoned and well-supported decision. In spite of those efforts, the court cannot agree with the government's assertion that adoption of the government's position is clear from the record.

Further, this court believes that the rule exists to provide a reviewing court with an articulation of why the trial judge ruled in favor of one party over another. Here, as is often the case, process matters. The court did not intend to rule by fiat in granting the government's motion without providing its reasoning, but as it appears there was absolutely no rationale provided for the court's decision a new trial is the only appropriate remedy.

## V. CONCLUSION

For the reasons stated above, the court declines to revise its earlier ruling granting Lopez a new trial.

Dated: December 15, 2014

_____
UNITED STATES DISTRICT JUDGE